UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS L. YORK,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | NO. CV-11-201-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 20 and Defendant's Motion for Summary Judgment, ECF No. 24. The motions were heard without oral argument. Plaintiff is represented by Thomas Bothwell. Defendant[1] is represented by Pamela De Rusha, Daniel Burrows, and Lisa Goldoftas.

**I.  Jurisdiction**

On November 9, 2007, Plaintiff Dennis York filed an application for Supplemental Social Security Income (SSI). Plaintiff alleges that he has been disabled since January 1, 1997. At the hearing, Plaintiff amended his onset date to

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

November 9, 2007, the date of the filing of his application.

His application was denied initially on March 4, 2008, and again denied on reconsideration.[2] A timely request for a hearing was made. On April 20, 2010, Plaintiff appeared in Wenatchee, Washington by video conference before Administrative Law Judge (ALJ) Michael S. Hertzig, who was located in Metairie, Louisiana. Kelly C. Roberts, vocational expert, also participated. Plaintiff was represented by attorney Thomas Bothwell.

The ALJ found that Plaintiff was not disabled at any time from the date the application was filed through July 12, 2010. Plaintiff timely requested review by the Appeals Council, which was denied April 6, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. (42 U.S.C. §405(h)). Plaintiff filed an appeal with the U.S. District Court for the Eastern District of Washington on May 24, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

**II.     Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4),

---

[2]The Notice of Reconsideration was undated. Tr. 62-64.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's

decision, and will only be summarized here.

At the time of the hearing, Plaintiff was forty-three. He attended school only through seventh grade and was in special education classes through his entire education. He is functionally illiterate. He has no relevant past work experience. At the time of the hearing, he did not have a stable residence; rather he was living with friends. He testified that he drinks beer a couple of times a week, but acknowledged periods when he was younger that he drank up to a case of beer in a day. He was sober when he spent time in jail.

He suffers from depression and has had two suicide attempts, the most recent in 2001, when he shot himself in the head. He admits he was drunk when this happened.

**V.    The ALJ's findings**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged date of disability, November 9, 2007. (Tr. 14.)

At step two, the ALJ found Plaintiff had severe impairments: alcohol dependence, functional illiteracy, and low average to borderline intellectual functioning. (Tr. 14.) Non-severe impairments found by the ALJ were: status post self-inflicted gunshot wound to the head and benign tremors of the upper extremity. (Tr. 14-15.)

At step three, the ALJ found that Plaintiff's impairments, including the substance use disorders, met sections 12.04 and 120.09 of Appendix 1, Subpart P, 20 CFR Part 404. (Tr. 15.) However, the ALJ also found that if Plaintiff stopped the alcohol abuse he would not have an impairment or combination of impairments that met or equaled the impairments listed in Appendix 1. 20 CFR Part 404, Subpart P, Appendix 1. The ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to perform work at all exertional levels, but is limited to unskilled work. (Tr. 19.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 21.)

At step five, the ALJ found there were jobs in the national economy that Plaintiff could do, considering age, education, work experience, and residual functional capacity. (Tr. 22.) The ALJ did use the testimony of a vocational expert in making the decision. (Tr. 22.) Because the ALJ found that Plaintiff would not be disabled if he discontinued substance abuse, the ALJ found Plaintiff not to be disabled under the Social Security Act. (Tr. 22-23.)

## VI. Issues for Review

Plaintiff presents the following issues with respect to the ALJ's findings:

1) the ALJ erred in concluding at step three that Plaintiff's impairments did not meet or equal any impairment in the Appendix A listing;

2) the ALJ erred in finding Plaintiff's head trauma, benign hand tremors and depression as non-severe;

3) the ALJ erred in improperly rejecting the opinions of Plaintiff's providers;

4) the ALJ erred in improperly rejecting Plaintiff's subjective complaints;

5) the ALJ failed to fully and fairly develop the record; and,

6) the ALJ failed at step five to identify specific jobs available in significant numbers that Plaintiff could perform.

## VII. Discussion

**1.   Step Three Analysis**

Plaintiff argues the ALJ erred in not finding that he meets or equals the Mental Retardation impairment listed in Appendix A, Section 1205. In his Order, the ALJ addressed sections 12.04 and 12.09, but did not analyze whether Plaintiff met the listing of 12.05. (Tr. 15.)

A claimant is presumptively disabled and entitled to benefits if he or she meets or equals a listed impairment. To meet a listed impairment, a disability claimant must establish that his condition satisfies each element of the listed

impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999). To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings at least equal in severity and duration to each element of the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. 404.1526).

"The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If [a claimant's] impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that [the claimant's] impairment meets the listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00A.

Section 1205 provides:

> Mental retardation refers to significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the development period: *i.e.* the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.
>
> ***
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.[3]

Defendant argues that Plaintiff cannot meet the threshold requirement of showing he had any deficits in mental functioning prior to the age of 22. Additionally, Defendant argues that Plaintiff cannot show he has deficits in adaptive behavior, relying on the following factors: (1) Plaintiff can cook his own

---

[3]When a claimant's verbal, performance, and full scale IQs differ, "the lowest of these [is used] in conjunction with 12.05." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00.D.6.c.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

meals, although he did not do so often; (2) he did not report any difficulties in completing daily household chores, bathing daily, attending to basic hygiene, dressing himself, and doing his own laundry, and (3) he could use the telephone and knew the 911 emergency numbers.

While no school records were provided to the ALJ, this alone does not establish that Plaintiff's subaverage intellectual function manifested itself prior to the age of 22. Although not specifically addressed by the Ninth Circuit, many Circuits have accepted the presumption that IQ remains fairly constant. *Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001); *see also Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001); *Luckey v. U.S. Dep't of Health & Human Servs.*, 890 F.2d 666, 668 (4th Cir.1989); *Guzman v. Bowen*, 801 F.2d 273, 275 (7th Cir.1986). "[A]bsent evidence of sudden trauma that can cause retardation, the [SSI claimant's adult] IQ tests create a rebuttable presumption of a fairly constant IQ throughout her life." *Talavera v. Astrue*, 697 F.3d 145, 152 (2nd Cir. 2012). The reason for this is because the requirements that a claimant's intellectual disability arose before age 22 "seems intended to limit coverage to an innate condition rather than a condition resulting from a disease or accident in adulthood." *Novy v. Astrue*, 497 F.3d 708, 709 (7th Cir. 2007) (citations omitted). In addition, there are many possible reasons why an adult would not have obtained an IQ test early in life, so requiring a contemporaneous qualifying test score would present intractable problems of proof in many cases of legitimate intellectual ability. *Talavera*, 697 F.3d at 152.

Here, the ALJ erred in not recognizing the rebuttal presumption that the 12.05 threshold was met by Plaintiff's IQ scores.[4] Notably, the ALJ failed to

---

[4] It is true that Plaintiff suffered a head injury due to a self-inflicted gunshot wound but there is no evidence in the record that this was a sudden trauma that would cause his IQ to fall. Indeed, the ALJ specifically found there was no significant or obvious residual problems from this injury. (Tr. 15.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

consider Plaintiff's history of only completing the seventh grade, attending special education classes, and repeating grades, which support the presumption that Plaintiff's subaverage intellectual functioning had an onset date prior to the age of 22.

Moreover, substantial evidence shows that Plaintiff meets the requirements of paragraph C. The record contains the results of two IQ tests, both of which meet scores required by the first prong of Paragraph C: (1) 2004 WAIS-III[5] testing revealed a verbal IQ of 71, a performance IQ of 75, and full scale IQ of 70. (Tr. 372.); and (2) 2005 WAIS-III revealed a full scale IQ score of 66, verbal IQ of 69 and performance IQ of 68. (Tr. 388.)

In order to satisfy the second prong of Paragraph C, Plaintiff must have a "physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05C. In doing so, the ALJ must "assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e. is a "severe" impairment, as defined in §§ 404.1520(c) and 416.920(c)." 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.00.

Here, the ALJ found that Petitioner had severe impairments of: alcohol dependence, functional illiteracy, and low average to borderline intellectual functioning. (Tr. 14.) As the Ninth Circuit recognized, "[i]lliteracy seriously impacts an individual's ability to perform work-related functions such as understanding and following instructions, communicating in the workplace, and responding appropriately to supervision." *Pinto v. Massanari*, 249 F.3d 840, 947 (9th Cir. 2001). Based on the ALJ findings, then, it is clear that Plaintiff has a mental impairment that imposes an additional and significant work-related limitation of function. As such, the ALJ committed legal error in failing to properly evaluate whether Plaintiff's mental impairment satisfied the introductory

---

[5] Weschsler Adult Intelligence Scale–Third Edition ("WAIS-III").

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

1  paragraph of 12.05 and paragraph C, and the ALJ's step-three finding that Plaintiff
2  did not meet or equal a listed impairment under section 12.05 was not based on
3  substantial evidence and is not free of legal error.
4      Generally, after it has been determined that the ALJ erred, the proper course
5  of proceedings is to remand to the agency for additional investigation or
6  explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).  In certain
7  circumstances, the district court should remand for an immediate award of benefits
8  if (1) the ALJ failed to provide legally sufficient reasons for rejecting the
9  evidence; (2) there are no outstanding issues that must be resolved before a
10 determination of disability can be made; and (3) it is clear from the record that the
11 ALJ would be required to find the claimant disabled were such evidence credited.
12 *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).
13     Here, there are no outstanding issues that must be resolved before a
14 determination of disability can be made, because the record establishes that
15 Plaintiff met all of the criteria for disability under section 12.05C of the listing.
16 Since it is clear from the record the ALJ would be required to find Plaintiff
17 disabled if he properly applied the rebuttal presumption, the proper remedy is a
18 remand for the payment of benefits.
19     Accordingly, **IT IS HEREBY ORDERED**:
20     1. Plaintiff's Motion for Summary Judgment, ECF No. 20, is **GRANTED**.
21     2. Defendant's Motion for Summary Judgment, ECF No. 24, is **DENIED**.
22     3. The decision of the ALJ is reversed. The case is remanded to the
23 Commissioner to determine the appropriate award of benefits.
24 ///
25 ///
26 ///
27 ///
28 ///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 25th day of March, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2011\York\sj.wpd

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11